DECISION.
{¶ 1} Plaintiffs-appellants, Brenda Cunningham, individually and as administrator of the estate of Tommy Cunningham, and Alicia Cunningham (collectively, "the estate"), appeal the trial court's entry denying their motion for summary judgment and granting summary judgment in favor of Transcontinental Insurance Company ("Transcontinental") on their claim for uninsured/underinsured motorist (UM/UIM) coverage under a business automobile liability policy issued by Transcontinental to the David Hirschberg Company ("Hirschberg").
{¶ 2} The parties have stipulated the following facts. On July 28, 1998, the decedent, Tommy Cunningham, a Hirschberg employee, was fatally injured at work when a skid steer loader operated by a co-worker, Walter Stewart, pinched him between a ramp and a tractor-trailer. At the time Cunningham was killed, Hirschberg was the named insured under a business automobile liability policy of insurance that Transcontinental had issued on October 1, 1997. The period of coverage listed in the renewal declaration of the policy was from October 1, 1997, to October 1, 1998. The policy provided UM/UIM coverage in an endorsement entitled "Ohio Uninsured Motorists Coverage-Bodily Injury." The parties acknowledge that Hirschberg had been insured under a business automobile liability policy with Transcontinental for over twenty years prior to Cunningham's death, but the policy's inception date remains unknown.
{¶ 3} Relying upon decisions by the Ohio Supreme Court inScott-Pontzer v. Liberty Mut. Fire Ins. Co.[1] and Wolfe v. Wolfe,[2]
the estate filed a complaint seeking a
declaration that Cunningham, as an employee of Hirschberg, was an insured under Hirschberg's policy, and that the estate was entitled to UM/UIM benefits thereunder. Both parties moved for summary judgment. The trial court ultimately determined that the estate was not entitled to UM/UIM benefits under Hirschberg's policy because the effective period of Hirschberg's policy at the time Cunningham was killed was from October 1, 1997, to October 1, 1998, and the version of R.C. 3937.18 in effect at that time deprived the estate of UM/UIM benefits. The trial court reasoned that even if Cunningham qualified as an insured under the "bodily injury" endorsement of the policy, Transcontinental could assert the same defenses and immunities to the estate's claims for UM/UIM benefits that Stewart or Hirschberg could have asserted.
{¶ 4} In doing so, the trial court rejected the estate's argument that the policy was an automobile insurance policy under R.C. 3937.31(A), which under Wolfe v. Wolfe had to be guaranteed for at least a minimum two-year period. The estate had argued that Transcontinental's renewal of the Hirschberg policy on October 1, 1997, may have been ineffective if the preceding policy had not been in effect for its guaranteed two-year period. The trial court disagreed. It held that Wolfe was inapplicable and that "the two year inception section R.C. 3937.31 did not apply to the Hirschberg policy because the policy was not an `automobile liability policy' as defined by R.C. 3937.30."
{¶ 5} On appeal, the estate now raises a single assignment of error, contending that because Wolfe applies to the Hirschberg policy, the trial court erred in granting summary judgment to Transcontinental. The estate asserts that Wolfe mandates that this case be remanded to the trial court for a determination of the original inception date of the Hirschberg policy. Transcontinental argues, on the other hand, that R.C.3937.31(A) and Wolfe do not apply because, for purposes of R.C. 3937.31, the Hirschberg policy was not an "automobile insurance policy" under the definition set forth in R.C. 3937.30.
{¶ 6} In Wolfe, the Ohio Supreme Court held in paragraph one of the syllabus, "Pursuant to R.C. 3937.31(A), every automobile liability insurance policy in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to3937.39." Since the court's decision in Wolfe, the Fifth and Eighth Appellate Districts have each interpreted it to require a two-year guaranteed policy period for only those automobile insurance policies that are defined in R.C. 3937.30.[3] R.C. 3937.30 provides the following:
{¶ 7} "As used in sections 3937.30 to 3937.39 of the Revised Code, `automobile insurance policy' means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:
 {¶ 8} "(A) Provides automobile bodily injury or property damage liability, or related coverage, or any combination thereof;
{¶ 9} "(B) Insures as named insured, any of the following:
{¶ 10} "(1) Any one person;
{¶ 11} "(2) A husband and wife resident in the same household;
{¶ 12} "(3) Either a husband or a wife who reside[s] in the same household if an endorsement on the policy excludes the other spouse from coverage under the policy and the spouse excluded signs the endorsement. Nothing in this division (B)(3) shall prevent
the issuance of separate policies to each spouse or affect the compliance of the policy with Chapter 4509. of the Revised Code as to the named insured or any additional insured.
{¶ 13} "(C) Insures only private passenger motor vehicles or other four-wheeled motor vehicles which are classified or rated as private passenger vehicles and are not used as public or private livery, or rental conveyances;
{¶ 14} "(D) Does not insure more than four vehicles;
{¶ 15} "(E) Does not cover garage, automobile sales agency, repair shop, service station, or public parking operation hazards;
 {¶ 16} "(F) Is not issued under an assigned risk plan pursuant to section 4509.70 of the Revised Code."
{¶ 17} We agree with the Fifth and Eighth Appellate Districts' interpretation of Wolfe. In this case, summary judgment was proper because the Hirschberg policy did not satisfy the definition of "automobile insurance policy" set forth in R.C. 3937.30. Our review of the record reveals that the policy insured more than four vehicles. Furthermore, those vehicles were not personal vehicles, but were vehicles owned by the company. Because the policy did not satisfy the definition of "automobile insurance policy" set forth in R.C. 3937.30, it was not required to contain the guaranteed two-year policy period provided for in R.C. 3937.31(A). As a result, we overrule the sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Painter, P.J., Doan and Sundermann, JJ.
[1] 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
[2] 88 Ohio St.3d 246, 2000-Ohio-322, 725 N.E.2d 261.
[3] See Zurcher v. Zurcher, 5th Dist. No. 2001CA00197, 2002-Ohio-901;Price v. Ayers, 5th Dist No. 2002CA00124, 2002-Ohio-5479; McPherson v.Whitt, 8th Dist. No. 81442, 2002-Ohio-6060.